UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UMUT KARGI,                                                    Docket Number

               Plaintiff,

-against-

SOUP N BURGER CORP., ANATOLIAN GYRO
INC, and MUSTAFA TURIN, METIN TURIN, and
JOHN DOES 1-25, *individually and in their official
capacities,*

               Defendants.
-----------------------------------------------------------------------X

       Plaintiff Umut Kargi ("Plaintiff"), as an individual and on behalf of a class of

all others similarly situated, by and through his attorneys, SHALOM LAW PLLC. and

LAW OFFICE OF MATTHEW S. PORGES, ESQ., as and for his Complaint in this

action against Defendants SOUP N BURGER CORP., ANATOLIAN GYRO INC,

MUSTAFA TURIN, METIN TURIN, and JOHN DOES 1-25, individually and in

their official capacities (collectively, "Defendants"), complaining of the Defendants

herein, alleges, upon knowledge as to himself and his own actions, and upon information

and belief as to all other matters:

<u>NATURE OF THE CLAIMS</u>

       1.    Plaintiff brings this action, on behalf of himself and on behalf of

all other similarly situated persons, to recover from Defendants' violations of

federal and New York State labor laws. Specifically, Plaintiff brings claims, on

behalf of himself and on behalf of all other similarly situated persons, pursuant

to the New York Minimum Wage Act, as amended (NYLL §650 *et seq.*), New York Wage Theft Prevention Act, as amended (NYLL §195 *et seq.*, 12 N.Y.C.R.R. §142-2.2, The Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq.,* especially 29 U.S.C. §207) and all other applicable federal, state and local laws and regulations that can be inferred from the facts set for the herein.

2.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as restaurant workers who were/are willfully not paid minimum wage and were/are not paid overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of December 2018 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in Defendants' not paying them minimum wage and/or overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4.    Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as restaurant workers and/or in similar positions who: (i) were/are not paid minimum wage and/or overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek; and (ii) were not provided accurate wage statements, for the period of December 2015 to the date of the final disposition of this action (the "New York Class Period"). Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "NewYork Class."

5.    Members of the New York Class are similarly situated because, during the New York Class Period, they were all subject to Defendants' common policy and/or practice of not paying minimum wage and overtime at a rate of one and one-half times their regular rate of payfor all hours worked in excess of 40 hours per week, making unlawful deductions from wages and not providing accurate wage statements, as well as any other claims which can be inferred from the facts plead herein.

## JURISDICTION AND VENUE

6.    Pursuant to at least 28 U.S.C. §§1331, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs rights under the FLSA. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiff's state law claims in this action.

7.      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

PARTIES

8.      Plaintiff Umut Kargi resides in Brooklyn, New York and is currently not employed by Defendants. At all relevant times, plaintiff was an "employee" within the meaning of all applicable statutes. A Consent to participate as a Plaintiff in this action, executed by Umut Kargi, will be filed with the Court.

9.      Defendant ANATOLIAN GYRO INC. ("AG") is a domestic corporation operating in the restaurant industry in the City and State of New York, County of Kings. Defendant AG has a principal place of business at 2623 East 16th Street, Brooklyn, New York 11235. Defendant AG is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce" as those phrases are defined in the FLSA.

10.     Defendant SOUP N BURGER CORP. ("SNB") is a domestic corporation operating in the restaurant industry in the City and State of New York, County of Kings. Defendant SNB has a principal place of business at 1809 Emmons Avenue, Brooklyn, New York 11235. Defendant SNB is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce" as those phrases are defined in the FLSA.

11.    Defendant MUSTAFA TURAN is an owner/principal of each of the Defendant restaurants. Mustafa Turan actively participates in the day-to-day operation of both restaurants. For instance, Mustafa Turan personally hires and fires employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

12.    Defendant METIN TURAN is an owner/principal of each of the Defendant restaurants. Metin Turan actively participates in the day-to-day operation of both restaurants. For instance, Metin Turan personally hires and fires employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

13.    Both of the Turan Defendants create and implement all crucial business policies, including policies concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, the method and manner by which employees are to be paid.

14.    JOHN DOES 1-25 are fictitious names of individuals and businesses alleged  for the purpose of substituting  names of Defendants  whose identities will be disclosed in discovery and should be made parties to this action.

FACTUAL ALLEGATIONS

Facts Related to Possible Class Members and Plaintiff

15.    At all times, Defendants had at least two employees engaged in commerce.

16.    At all times mentioned herein, the activities of the Defendants were related and performed through common control for a common business purpose and constituted an enterprise within the meaning of §3(r) of the FLSA (28 U.S.C. §203[r]).

17.    At all times mentioned herein, Defendants' employees (including Plaintiff), directly or indirectly participated in the rendering of services to other individuals and participated in financial transactions involving the interstate banking and finance systems.

18.    At all times mentioned herein, the annual dollar volume of business of Defendants exceeds $500,000.00.

19.    Plaintiff and the other restaurant workers may establish the hours worked by their own records and testimony.

Facts Specific to Plaintiff Umut Kargi

20.    Defendant SNB employed Plaintiff as a full-time restaurant worker from April 2021 through July 2021.  Plaintiff's duties included delivering food to customers.

21.    Starting in August 2021, Defendants moved Plaintiff to Defendant AG, where he worked as a full-time restaurant worker until October 30, 2021.  Plaintiff's duties at AG included working in the kitchen.

22.    At SNB, Plaintiff worked six days per week, twelve hours per day, and was paid a flat rate of $800 per week.

23.    At AG, Plaintiff worked six days per week, twelve hours per day, and was paid a flat rate of $1,125 per week.

24.    Defendants failed to pay Plaintiff's spread of hours pay, as required by state law, since Plaintiff worked more than ten (10) hours per day.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants as restaurant workers in the same or similar positions and who were/are not paid minimum wage and overtime at a rate of one and a half times their regular rate for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

26.    The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiff, and the members of the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

27.    The members of the FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including Defendants' failure to pay overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and/or the failure to pay the minimum wage.

28.    During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

29.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiff the minimum wage and/or overtime at arate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

30.     The FLSA claims for minimum wage and overtime are brought as a collective action pursuant to 29 U.S.C. § 216(b), alleging that Defendants, at a minimum, employed the common policy or practice of paying Plaintiffs and other restaurant workers straight-time, regardless of the number of hours worked, failed to pay the minimum wage, and failed to keep the required records. Plaintiffs' state law claims are brought individually.

31.     During the FLSA Collective Period and the New York Class Period, Plaintiffs and the members of the FLSA Collective and the New York Class were paid on a W-2 basis and were considered employees of the Defendant restaurants.

32.     During the FLSA Collective Period and the New York Class Period, Plaintiff was a member of the FLSA Collective and the New York Class, which were subject to uniform and illegal policies and practices by Defendants.

33.     Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

34.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wages and overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

35.     Plaintiff is currently unaware of the identities of the members of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants at the same position workers and/or in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e- mail addresses, so that Plaintiff can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

36.     Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in the State of New York as restaurant workers in the same or similar positions who were/are not paid the minimum wage and/or paid overtime at a rate of one and a half times the regular rate for all hours worked in excess of 40 hours per workweek and who were not furnished with accurate wage statements during the NYLL Class Period.

37.     The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiff, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

38.    The New York Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying minimum wage and overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and not providing accurate wage statements.

39.    During the New York Class Period, Defendants were fully aware of the duties performed by Plaintiff and the New York Class, and that those duties were not exempt from the overtime and other applicable provisions of the NYLL and/or its regulations.

40.    As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the New York Class and Plaintiff minimum wage and overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and by not providing accurate wage statements.

41.    Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the New York Class.

42.    As a result of Defendants' conduct, Defendants are liable to Plaintiff and the New York Class for the full amount of their unpaid minimum wage and overtime wages, wages earned, and wages deducted, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the New York Class.

43. Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the question of law and fact common to Plaintiff Claims and the claims of the New York Class. Plaintiff have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class, and Defendants.

44. Plaintiff's claims raise questions of law and fact common to the New York Class, including but not limited to:

   (a)   Whether Defendant failed to pay Plaintiff and the New York Class minimum wage at a rate specified by the New York Labor Department during the New York Class period;

   (b)   Whether Defendants failed to pay Plaintiff and the New York Class overtime at a rate of one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

(c)     Whether Defendants' failure to pay overtime to Plaintiff and the New York Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R §142.2-2;

(d)     Whether Defendants failed to provide Plaintiff and the New York Class with accurate wage statements;

*(e)*     Whether Defendants' failure  to  provide accurate wage statements constitutes a violation of NYLL §§ 195 *et seq.;* and

(f)     Whether Defendants' violations of the NYLL and/or its regulations were willful.

45.    These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

46.    Plaintiff is a member of the New York Class and Plaintiff's claims are typical of the claims of the New York Class. The relief Plaintiff seeks for the unlawful policies and practices complained  of herein are also typical of the relief  which is sought on  behalf of the New York Class.

47.    Plaintiff's interests are co-extensive with those of the New York Class that he seeks to represent in this case. Plaintiff is willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined  interests,

experience and resources of Plaintiff and their counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy ofrepresentation requirement of Fed. R. Civ. P. 23(a)(4).

48.    Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

49.    Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

50.    The common issues of fact and law affecting Plaintiff's claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

51.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the New York Class. This class action can be managed without difficulty.

52.    The cost of proving Defendants' violations of the New York Labor Law and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of Plaintiff litigating identical claims. The claims of the New York Class interrelate such that the interests

of the members will be fairly and adequately protected in their absence.
Additionally, the questions of law and fact common to the New York Class
arise from the same course of events and each class member makes similar
legal and factual arguments to prove the Defendants' liability.

53.    The New York Class is so numerous that joinder of all members is impracticable.
While the exact number of the New York Class is unknown to Plaintiff at the
present time, upon information and belief, there are multiple others similarly
situated persons who were/are employed by Defendants in similar positions
during the New York Class Period.

54.    Plaintiff is currently unaware of the identities of all of the possible the New
York Class members. Accordingly, Defendants should be required to
provide Plaintiff with a list of all persons employed by Defendants as
restaurant workers and/or in similar positions during the New York Class
Period, along with their last known addresses, telephone numbers and e-mail
addresses so Plaintiff can give the New York Class notice of this action
and an opportunity to make an informed decision about whether to
participate in it.

<u>FIRST CAUSE OF ACTION</u>

(Failure to Pay Overtime and Minimum Wage
in Violation of the Fair Labor Standards Act of 1938, as amended)

55.     Plaintiff, on behalf of themselves and the FLSA Collective, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

56.     The FLSA requires covered employers, such as Defendants, to pay the minimum wage in place at the time and to pay all non-exempt employees minimum wage at a rate not less than one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

57.     During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective usually worked at least seventy (70) hours per workweek for Defendants. However, Defendants did not pay Plaintiff and the FLSA Collective overtime for hours worked in excess of 40 hours per workweek.

58.     During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective, at least at SNB, were not paid the $15 per hour minimum hourly wage applicable to individuals who work in the City of New York. However, Defendants did not pay Plaintiff and the FLSA Collective, at least at SNB, said minimum wage.

59.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the minimum wage and/or overtime at a rate of one and a half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the FLSA.

60.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.
Defendants' violations of the FLSA have significantly damaged Plaintiff and the
FLSA Collective and entitle them to recover all of their unpaid minimum wages
and overtime wages, plus an additional equal amount in liquidated damages for
each unpaid type of wages, as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION

(Failure to Pay Minimum Wage and Overtime in Violation of the
New York Minimum Wage Act and 12 N.Y.C.R.R. §142-2.2)

61.     Plaintiff, on behalf of themselves and the New York Class, hereby repeats
and realleges each and every allegation as contained in each of the preceding
paragraphs as if full set forth and contained herein.

62.     NYLL §650 and 12 N.Y.C.R.R. §142-2.2 require a covered employer, such as
Defendants, to pay employees the minimum wage and overtime at a rate of one
and a half times the employee's regular rate of pay. Plaintiff and the New York
Class were not exempt from the requirement that Defendants pay them minimum
wage and overtime under the NYLL and/or its regulations.

63.     During the New York Class Period, Defendants knew that Plaintiff and the New
York Class usually worked approximately 72 hours per workweek for
Defendants. However, Defendants intentionally did not properly pay them
minimum wage and overtime for the hours worked in excess of 40 hours per
workweek.

64.    During the New York Class Period, Defendants knew that Plaintiff and the New York Class, at least at SNB, were not paid the $15 per hour minimum hourly wage applicable to individuals who work in the City of New York. However, Defendants did not pay Plaintiff and the New York Collective, at least at SNB, said minimum wage.

65.    As a result of Defendants' failure to pay Plaintiff and the New York Class minimum wage and overtime at a rate of one and a half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2.2.

66.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

67.    Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiff and the New York Class and entitle them to recover the total amount of their unpaid minimum and overtime wages, as well as an additional equal amount in liquidated damages for each set of unpaid or underpaid wages, as well as attorneys' fees and costs.

## THIRD CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements in Violation of the New York
Wage Theft Prevention Act, as amended (New York Labor Law §195)

68.    Plaintiff, on behalf of himself and the New York Class, hereby repeats and
reallges each and every allegation as contained in each of the preceding paragraphs
as if fully set forth and contained herein.

69.    The NYLL requires covered employers, such as Defendants, to furnish accurate
wage statements to their employees with every payment of wages, and to provide
notice to employees of any change in their rate of pay. Plaintiff and members of the
New York Class were not exempt from this requirement.

70.    Defendants failed to furnish accurate wage statements to Plaintiff and the
members of the New York Class, in violation of NYLL §195.

71.    The foregoing conduct of Defendants constitutes willful violations of the NYLL
and/or its regulations.

72.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the
New York Class and entitle them to recover damages of one hundred dollars per
person affected for each workweek that such violations occurred, up to a total of five
thousand dollars per person affected, together with attorneys' fees and costs.

<u>FOURTH CAUSE OF ACTION</u>

(Violation of the Spread of House Wage Order
of the New York Commissioner of Labor)

73.    Plaintiff, on behalf of himself and the New York Class, hereby repeats and
realleges each and every allegation as contained in each of the preceding paragraphs
as if fully set forth and contained herein.

74.    Defendants failed to pay Plaintiff and the members of the New York Class one
additional hour's pay at the basic minimum wage rate.  Plaintiff's spread of hours
(and the spread of hours of members of the New York Class) exceeded ten hours
in violation of NYLLL §190 *et seq.* and §650 *et seq.* and the wage order of the New
York Commissioner of Labor codified at N.Y.C.C.R. §137-1.7 and N.Y.C.C.R.
§137-3.11.

75.    Defendants' failure to pay Plaintiff and members of the New York Class the spread
of hours was willful, as defined by the New York Labor Law and/or applicable rules
and regulations interpreting the same.

76.    Plaintiff and members of the New York Class were damaged in an amount to be
determined at trial.

## FIFTH CAUSE OF ACTION

(Violation of the Notice and Recordkeeping Requirements of the NYLL)

77.    Plaintiff, on behalf of himself and the New York Class, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained  herein.

78.    Defendants failed to provide Plaintiff with a written notice, in English and Turkish, his narrative language, stating his rate of pay, regular day pay, and such other information as required by NYLL §195(1).  '

79.    Defendants are liable to Plaintiff and members of the New York Class for this violation of New York Labor Law.

## SIXTH CAUSE OF ACTION

(Violation of the Wage Statement Provisions of the NYLL)

80.    Plaintiff, on behalf of himself and the New York Class, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained  herein.

81.    Defendants did not provide Plaintiff or members of the New York Class with a statement of wages, as required by NYLL §195(3).

82.    Defendants are liable to Plaintiff and members of the New York Class for this violation of New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, respectfully request that this Honorable Court grant the following relief:

A.      Declare that the practices complained of herein are unlawful under both federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants as restaurant workers in the same or similar positions as Plaintiff during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.      Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the New York Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.      Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages;

F.      Declare this action to be maintainable as a class action pursuant to Fed. R Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants as restaurant workers in similar or the same position(s) as Plaintiff during the New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G.      Designate Plaintiff as a representative of this class and designate Plaintiff's counsel of record as class counsel;

H.      Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiff and the New York Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

I.      Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

J.      Award Plaintiff and the New York Class an additional amount as liquidated damages pursuant to the NYLL;

K.    Award Plaintiff and the New York Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §198(1-b) and NYLL §198(1-d);

L.    Award Plaintiff, the FLSA Collective and the New York Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

M.    Provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is pending, whichever is later, the total amount of the judgment shall automatically increase by fifteen percent (15%), as required by NYLL §198(4);

N.    Grant to Plaintiff, the FLSA Collective, and the New York Class such other andfurther relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.


Dated:  Brooklyn, New York
           December 8, 2021


Law Office of Matthew S. Porges

By: Matthew S. Porges, Esq.
32 Court Street, Suite 904
Brooklyn, New York 11201
Phone: 718-673-2578
mspesq@mspesq.com
*Attorney for Plaintiff*


SHALOM LAW PLLC.

Verified by pdfFiller

By: Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills New York 11375
Phone: (718) 971-9474
Jonathan@shalowlawny.com
*Attorney for Plaintiff*